**IMG-045**                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3256
_____

ELVIRA GUALLPA MAYANCELA DE PERGUACHI;
MANUEL IGNACIO PERGUACHI CUJI,
Petitioners
v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A088-231-158; A088-231-146)
Immigration Judge:  Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2012
Before:  SMITH, HARDIMAN AND STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion file: March 22, 2012)
_____

OPINION
_____

PER CURIAM

Petitioners, Elvira Guallpa Mayancela de Perguachi and Manuel Ignacio

Perguachi Cuji, seek review of the Board of Immigration Appeals' ("BIA" or

"Board") final order of removal. For the reasons that follow, we will deny the petition for review.

I.

Cuji and Perguachi are natives and citizens of Ecuador who have been in the United States unlawfully since 1994 and 1996, respectively. In June 2007, the government charged them each with removability pursuant to INA § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)] as aliens present without being admitted or paroled. Petitioners conceded removability as charged, but sought cancellation of removal under INA § 240A(b) [8 U.S.C. § 1229b(b)] on the ground that their three-year-old son, who is a United States citizen, has medical problems and would suffer undue hardship if they were forced to return to Ecuador.

Following a hearing, the Immigration Judge ("IJ") denied Petitioners' applications for cancellation of removal. The IJ explained that, in order to be eligible for that discretionary relief, Cuji and Perguachi were required to show that their removal "would result in exceptional and extremely unusual hardship" to their son. 8 U.S.C. § 1229b(b)(1)(D). The IJ noted that, although Petitioners had testified that their son's health required regular monitoring, they had failed to submit any medical records or provide a doctor's report "with a prognosis or diagnosis or indication that the child could not receive appropriate medical care in Ecuador." (AR000153). Petitioners sought administrative review of the IJ's

2

decision, but, by decisions dated March 31, 2009, the Board dismissed their appeals.

On July 19, 2010, over fifteen months after the Board entered its final orders of removal, Petitioners filed a consolidated motion to reopen. In the motion, Petitioners claimed that their former attorney had rendered ineffective assistance by failing to ascertain that Perguachi's parents were lawful permanent residents and could therefore serve as an alternative basis for their cancellation applications. Petitioners claimed that Perguachi's parents had been lawful permanent residents since July 27, 1998, that they live half a block away from her in Newark, and that she takes care of them on a "day-to-day basis." (AR000039-40.)

In a decision dated February 8, 2011, the Board denied Petitioners' motion to reopen. The Board explained that, although Petitioners had substantially complied with the procedural requirements for an untimely motion to reopen based on a claim of ineffective assistance of counsel, see In re Lozada, 19 I. & N. Dec. 637 (BIA 1988), they had failed to demonstrate either prejudice or due diligence so as to warrant equitable tolling. See Fadiga v. Att'y Gen., 488 F.3d 142, 159 (3d Cir. 2007).

On March 9, 2011, Petitioners filed a letter brief with the BIA requesting reconsideration of its February 8, 2011 order. Petitioners' letter brief consisted of the following single paragraph:

3

> In reopening, the [BIA] concluded that the [Petitioners] failed to show due diligence because the Motion to Reopen was not filed until July 27, 2010 when the record shows that the [Petitioners] first became aware of Mr. Perez's ineffective assistance in March of 2009. However, this delay cannot be fairly ascribed to the [Petitioners]. The [Petitioners] exercised all the diligence that could possibly be expected of them in this case.

(AR000011.)

By order entered July 21, 2011, the BIA denied the motion. The Board found that Petitioners had failed to specify any error of fact or deficiency of law with respect to its due diligence determination, see 8 U.S.C.A. 1229a(c)(6)(C), and had not even addressed the alternative basis for its ruling on reopening, i.e., its prejudice finding.

On August 22, 2011, Petitioners filed the present petition for review.[1]

## II.

On appeal, Petitioners challenge the BIA's February 8, 2011 decision denying their consolidated motion to reopen. Specifically, they argue that the agency erred in concluding that they had failed to demonstrate either prejudice or due diligence to establish an ineffective assistance of counsel claim. We cannot, however, review the BIA's February 8, 2011 decision denying Petitioners' motion to reopen because they did not file their petition for review within thirty days of that order. See 8 U.S.C. § 1252(b)(1) (providing for 30-day deadline in which to

---

[1] We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252(a)(1).

4

file petition for review); Stone v. I.N.S., 514 U.S. 386, 395 (1995) (explaining that a motion to reopen or reconsider does not toll the time to file a petition for review of the BIA's underlying order).

While the petition for review is timely with respect to the BIA's July 21, 2011 decision denying reconsideration, Petitioners neglect to sufficiently challenge that decision on appeal; although their brief contains passing references to the BIA's decision, they have failed to make any specific arguments concerning the denial of reconsideration. Therefore, any challenge to the BIA's July 21, 2011 decision has been waived. See Li v. Att'y Gen., 633 F.3d 136, 140 n.3 (3d Cir. 2011). In any event, we have reviewed the BIA's order and conclude that it was not arbitrary, irrational, or contrary to law. See Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008). As the BIA noted, Petitioners failed to specify any error of fact or law in its prior decision, see 8 C.F.R. § 1003.2(b)(1), and instead simply declared—without any elaboration—that the delay in filing the motion to reopen "cannot be fairly ascribed to them." (AR000003.)

### III.

Accordingly, we will deny the petition for review.[2]

---

[2] Petitioners' "Motion for Judicial Notice and to Supplement the Record of Proceedings" is denied. Pursuant to 8 U.S.C. § 1252(b)(4)(A), we are precluded from considering evidence that is not part of the administrative record.